[Cite as *In re L.O.*, 2014-Ohio-2125.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:

      CASE NO. 9-13-66

    L.O.,

**ADJUDICATED DELINQUENT**       **O P I N I O N**
**CHILD.**

**Appeal from Marion County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 2013 DL 00323**

**Judgment Vacated and Cause Remanded**

**Date of Decision: May 19, 2014**

APPEARANCES:

    *Nathan D. Witkin* **for Appellant**

    *Matthew P. Frericks* **for Appellee**

**SHAW, J.**

{¶1} Adjudicated-delinquent/appellant L.O. appeals the October 29, 2013 judgment entry of the Marion County Common Pleas Court, Juvenile Division, wherein L.O. was classified as a Tier III Sex Offender and ordered to comply with community notification requirements of R.C. 2950.11.

{¶2} The facts relevant to this appeal are as follows. On May 16, 2013, a complaint was filed alleging that L.O. was a delinquent child for committing two counts of Rape in violation of R.C. 2907.02(A)(1)(b), both felonies of the first degree if committed by an adult, and one count of Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(3)/(D), a felony of the fifth degree if committed by an adult.

{¶3} On May 21, 2013, L.O. was arraigned and entered "denials" to the allegations. (Doc. 12).

{¶4} On June 6, 2013, a hearing was held wherein L.O. admitted Count 1 of the complaint, Rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree if committed by an adult, and the remaining counts were dismissed by the State. The matter was set for a dispositional and a classification hearing; however, in the interim L.O. was ordered to complete "S.T.O.P. assessment."

{¶5} On September 3, 2013, the case came before the court for disposition. At the recommendation of the probation department, L.O. was ordered into an

outpatient sex-offender treatment program, and was given a suspended commitment to the Department of Youth Services.

{¶6} On October 22, 2013, the trial court held a classification hearing in which it heard arguments from L.O.'s counsel, and the State as to whether L.O. should be classified as a sex offender. On October 29, 2013, the court filed its judgment entry regarding classification and reporting requirements, which contained the following language.

> **The act for which the youth was adjudicated a delinquent child is a sexual oriented offense. The youth was 14 years of age at the time of committing the offense. The Court is not required to classify the youth as a Juvenile Offender Registrant under Ohio Revised Code §2152.82 or Ohio Revised Code §2152.86. See Ohio Revised Code §2152.83(B)(1)(a)-(c).**
> **The Court further finds that the youth committed an act that if committed by an adult, would constitute rape, pursuant to Ohio Revised Code §2907.02(A)(1)(b) a felony of the first degree. The victims were * * * 4 and 7 years of age. The youth was in a position of trust as their babysitter at the time of the offense. The youth is actively participating in the S.T.O.P. Program. The risk assessment indicates the youth has expressed remorse. There is a public interest in [sic] safety reason for classification.**
> **The Court, based upon the above findings, finds the youth is a Tier III Sex Offender. The Court further finds pursuant to Ohio Revised Code §2950.11(F)(1)(c) the youth is required to register under said section.**
> **It is therefore ORDERED that [L.O.] is classified as a Tier III Sex Offender/Child Victim Offender.**
> **It is further ORDERED that [L.O.] is required to comply with Ohio Revised Code §2950.11(F)(1)(c).**

(Doc. 34).

**{¶7}** It is from this judgment that L.O. appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT MISAPPLIED O.R.C. §2950.11(F)(1)(c) IN FINDING THE DELINQUENT YOUTH SUBJECT TO MANDATORY COMMUNITY NOTIFICATION REQUIREMENTS.**

**{¶8}** In his assignment of error, L.O. argues that the trial court misapplied R.C. 2152.82(B) and R.C. 2950.11(F)(1)(c). Specifically, L.O. argues that in reading the trial court's October 29, 2013 judgment entry, the trial court interpreted R.C. 2152.82 to *require* L.O. to comply with the community notification provisions of R.C. 2950.11, whereas according to R.C. 2152.82(B), whether L.O. was required to comply with the community notification provisions in R.C. 2950.11 was at the discretion of the trial court.

**{¶9}** The statute L.O. contends that the trial court misapplied in its assignment of error, R.C. 2950.11(F)(1)(c), reads as follows.

> **(F)(1) Except as provided in division (F)(2) of this section, the duties to provide the notices described in divisions (A) and (C) of this section apply regarding any offender or delinquent child who is in any of the following categories:**
>
> **\* \* \***
>
> **(c) The delinquent child is a tier III sex offender/child-victim offender who is not a public registry-qualified juvenile offender registrant, the delinquent child was classified a juvenile offender registrant on or after January 1, 2008, the court has imposed a requirement under section 2152.82, 2152.83, or 2152.84 of the**

**Revised Code subjecting the delinquent child to this section, and a juvenile court has not removed pursuant to section 2152.84 or 2152.85 of the Revised Code the delinquent child's duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.**

{¶10} L.O.'s characterization that the trial court misapplied R.C. 2950.11(F)(1)(c) is inaccurate. The statute actually governing whether the trial court has discretion in this case to require L.O. to comply with the community notification requirements of R.C. 2150.11 is R.C. 2152.82(B), which reads, in pertinent part,

**\* \* \* If the court determines that the delinquent child to whom the order applies is a tier III sex offender/child-victim offender and the child is not a public registry-qualified juvenile offender registrant, the judge *may* impose a requirement subjecting the child to the victim and community notification provisions of sections 2950.10 and 2950.11 of the Revised Code.**

(Emphasis added.) R.C. 2152.82(B).

{¶11} At the outset we would note that the parties are in agreement that whether L.O. had to comply with R.C. 2950.11's community notification requirements was at the discretion of the trial court. This appeal centers on a disagreement in reading the trial court's judgment entry on the matter. The specific wording of the judgment entry related to this issue reads as follows.

**The Court, based upon the above findings, finds the youth is a Tier III Sex Offender.** *The Court further finds pursuant to Ohio Revised Code §2950.11(F)(1)(c) the youth is required to register under said section.*

> **It is therefore ORDERED that [L.O.] is classified as a Tier III Sex Offender/Child Victim Offender.**
> *It is further ORDERED that [L.O.] is required to comply with Ohio Revised Code §2950.11(F)(1)(c).*

(Emphasis added.) (Doc. 34).

{¶12} The parties each read the preceding italicized portions of the trial court's judgment entry differently. The State contends that the court merely exercised its discretion to have L.O. comply with R.C. 2950.11 and then "required" L.O. to do so using the exact wording of R.C. 2152.82. L.O. contends that the trial court's use and placement of the words "required to register" in its judgment entry not only creates some confusion as to whether the court was attempting to classify L.O. as a Juvenile Offender Registrant, but also suggests that the trial court felt it was compelled to order L.O. to comply with R.C. 2950.11(F)(1)(c).

{¶13} We would note that pursuant to R.C. 2152.82, a trial court is vested with the power to "impose a requirement subjecting the child to * * * community notification provisions." The legislature thus specifically used the word "requirement," which the trial court reiterated in its judgment entry. However, upon review it is our conclusion that the particular way in which the trial court's judgment entry is worded makes it unclear whether the court felt it had no alternative but to impose the requirements of R.C. 2950.11, or whether the court was merely exercising its discretion in imposing those requirements. Thus as it is

not clear whether the trial court exercised its discretion in ordering L.O. to comply with the provisions of R.C. 2950.11, L.O.'s assignment of error is sustained.

{¶14} For the foregoing reasons the October 29, 2013 judgment of the Marion County Common Pleas Court, Juvenile Division, is vacated and the cause is remanded for the entry of a new judgment consistent with this opinion.

*Judgment Vacated and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**